## In re HAMACHEK.

Court of Customs and Patent Appeals.
December 2, 1929.

Patent Appeal No. 2155.

R. S. C. Caldwell, of Milwaukee, Wis., and Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. From a decision of the Board of Appeals in affirming the action of the Examiner, in refusing to allow claims 1 to 6, inclusive, and claim 12, in an application for letters patent for an alleged invention pertaining to the construction and operation of a machine known as a green pea vine huller, appellant has appealed to this court. The claims involved are as follows:

"1. In a green pea vine huller, a screen drum, beaters rotatable therein, and lifting ribs within the drum with their lifting surfaces inclined rearwardly from their outer edges in order that loose peas may roll off therefrom before reaching a position above the beaters.

"2. In a green pea vine huller, a screen drum, beaters rotatable therein, and means for subjecting vines repeatedly to the blows of the beaters comprising lifting ribs along the inner walls of the drum with their lifting faces deflected rearwardly from the surface of the drum.

"3. In a green pea vine huller, a screen drum, beaters rotatable therein, and means for subjecting vines repeatedly to the blows of the beaters in each cycle of operation comprising lifting ribs along the inner walls of the drum having their front faces inclined rearwardly and their rear faces inclined forwardly.

"4. In a green pea vine huller, a screen drum, beaters rotatable therein, and means for subjecting vines repeatedly to the blows of the beaters to open the pods without undue bruising of peas consisting of lifting ribs extending along the inner walls of the drum with their front faces inclined rearwardly from their outer edges to discharge loose peas before they are positioned above the beaters and to expose vines to the action of the beaters where the beaters move upwardly.

"5. In a green pea vine huller, a screen drum, beaters rotatable therein, and means for subjecting vines repeatedly to the blows of the beaters to open the pods without undue bruising of peas consisting of lifting ribs extending along the inner walls of the drum with their front faces inclined rearwardly to discharge loose peas before they are positioned above the beaters and to expose vines to the action of the beaters where the beaters move upwardly, said lifting ribs having forwardly inclined rear faces against which the vines may be thrown by the beaters to receive a glancing blow deflecting them back to the path of the beaters.

"6. In a green pea vine huller, a screen drum, beaters rotatable therein, and lifting ribs extending along the inner walls of the drum comprising boards arranged at an angle to each other to form surfaces inclined with respect to an axial plane from one end of the drum to the other."

"12. In a green pea vine huller, a screen drum, beaters rotatable therein, and inwardly extending lifting ribs within the drum with their lifting faces inclined rearwardly with respect to a radial plane."

It is admitted that the art of hulling green peas by the impact method is old. By this method, peas on the vine, in a rotary drum, are thrown in the air and struck while falling by revolving paddles. It is claimed by the appellant that his invention accomplishes the result of hulling the green peas from the pea vines (as distinguished from the peas in the pod) in a manner which greatly improves the art in so far as his process enables the liberated peas to fall through the screens without being bruised or crushed.

Appellant contends that the character of green pea hulling machines has remained substantially without change during the last half century. The machine consisted of a screen drum, rotary beaters, in the form of several paddles, and ribs on the edge of the drum, which lifted the peas and vines with the ro-

tation of the drum to a position where they fell upon the revolving paddles or beaters.

The essential feature of his claims is illustrated in claim 1 by the words "and lifting ribs within the drum with their lifting surfaces inclined rearwardly from their outer edges in order that loose peas may roll off therefrom before reaching a position above the beaters." His claimed invention consists of improvement of the lifting ribs and the relation to the ends of the revolving paddles. Appellant's lifting ribs consist of two boards inclined rearwardly from their outer edges forming a kind of triangle on the inside rim of the drum and which are placed in such a position that the hulled peas will roll off of the inclined board before reaching the top of the drum and before they are lifted high enough to cause them to be struck by the ascending paddles.

The claims stand rejected in the Patent Office on the references of Placide, 496,206, April 25, 1893; Coil, 1,202,486, October 24, 1916.

An examination and consideration of these references, in our view of the case, hardly justified the position taken by the board.

Placide had reference to peas in the pod. The drawing shows a kind of triangular-shaped rib, without much lifting surface, which lifts the peas upward, so that they come in contact with the paddles, which are called "crushers." In the Placide invention, however, it is apparent that the intention of the inventor was to cause the pea pod to come in contact with the rib and crushing paddle at the same time. The corrugations on the same would indicate this. Moreover, the arrangement in the interior of the drum in the Placide patent is hardly calculated to bring about the beneficial result claimed by appellant, which is amply justified by the record.

The green pea hulling machine in the Coil patent suggests the opposite of the principle claimed by appellant. The lifting ribs are slanted forwardly instead of rearwardly, which would necessarily carry the shelled pea to a position above the ascending paddle and thus bring about the injury to the tender hulled pea.

It is at once apparent that neither of the references could accomplish the purpose claimed to be accomplished in appellant's proposal, and we do not think the inclining of the ribs rearwardly would be a mere matter of mechanical expediency.

A strong showing is made by the appellant as to the relative results obtained by the use of his device and devices in which radial lifting ribs were used. We think appellant has improved the art, with the result that a useful structure requiring invention has been produced, and that he is entitled to protection thereon.

The judgment of the Board of Appeals is reversed, with directions for further proceedings in accordance with the views herein expressed.

Reversed.

